IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DARREN K. BYLER,<br><br>                             Plaintiff,<br>   v.<br>AARON WOODS, USCG, CGIS Agent;<br>*et al.*,<br>                            Defendants. | Case No: 3:22-cv-00208-RRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court at Docket 25 is Defendants United States Coast Guard ("USCG"), USCG Coast Guard Investigative Service ("CGIS") Agents Aaron Woods and Timothy Jans, and Lieutenant Sara Lovette's Motion to Dismiss the First Amended Complaint (the "Motion").[1] Plaintiff Darren K. Byler opposes.[2] For the following reasons, the Motion at Docket 25 is **GRANTED**.

---

[1] Docket 25 (Motion); *see also* Docket 26 (Notice of Related Case); Docket 28 (Reply).
[2] Docket 27 (Response). In addition to filing a response, Plaintiff filed a sur-reply without requesting leave to do so. Docket 29 (Sur-Reply). For a sur-reply to be considered, the party seeking to file it must generally seek the Court's leave. *See McManus v. Aleutian Region Sch. Dist.*, No. 3:20-cv-00099-TMB, 2021 WL 3645864, at *4 n.56 (D. Alaska Aug. 17, 2021). Even if Plaintiff had sought leave to file, however, the arguments raised in his sur-reply do not affect the Court's disposition of this case.

## I. BACKGROUND

In 2014, Plaintiff owned a vessel called the Wild Alaskan, from which he operated a "floating entertainment" business in Kodiak.[3] In early 2015, Plaintiff was indicted in the District of Alaska on two charges: (1) unlawfully discharging and depositing raw sewage into Kodiak waters without a permit; and (2) knowingly making materially false statements pertaining to his disposal of raw sewage.[4] A trial was held later that year and a jury found Plaintiff guilty on both charges.[5] Plaintiff appealed from the judgment to the Ninth Circuit Court of Appeals, which affirmed his convictions in 2018.[6] Plaintiff later filed an application for post-conviction relief under 28 U.S.C. § 2255, which the district court denied;[7] Plaintiff lodged an appeal of this decision, which the Ninth Circuit also affirmed.[8]

Plaintiff brought this case in October 2022.[9] He amended his complaint the following month to allege various civil rights and tort claims against the USCG and Agent Woods, Agent Jans, and Lieutenant Lovette (collectively, the "Federal Agents").[10]

---

[3] Docket 4-1 at 1.
[4] *United States v. Byler*, No. 3:15-cr-00008-SLG-2, Docket 2 (Indictment); *see also* 33 U.S.C. §§ 407, 411; 18 U.S.C. § 1001. The Court takes judicial notice of Plaintiff's federal criminal case. *See* Fed. R. Evid. 201; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . ."); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue.").
[5] *United States v. Byler*, No. 3:15-cr-00008-SLG-2, Docket 129 (Jury Verdict).
[6] *United States v. Byler*, 727 Fed. App'x 409 (9th Cir. 2018).
[7] *United States v. Byler*, No. 3:15-cr-00008-SLG-2, Docket 292 (Amended Motion to Vacate); Docket 307 (Order Denying Claim 2 of Motion to Vacate); Docket 365 (Order Denying Claim 1 of Motion to Vacate).
[8] *United States v. Byler*, No. 3:15-cr-00008-SLG-2, Docket 369 (Order re Notice of Appeal).
[9] Docket 1 (Complaint).
[10] Docket 4-1 (First Amended Complaint).

Specifically, Plaintiff alleges that the Federal Agents acted unlawfully during the federal investigation that led to his indictment, Plaintiff's eventual arrest, and the subsequent trial, events which occurred between 2014 and 2015.[11] Plaintiff also alleges that several years later, in July 2021, unidentified CGIS agents from the Kodiak Air Station "conspired with City of Kodiak [o]fficials to illegally sink" the Wild Alaskan.[12]

Defendants moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[13] On May 10, 2023, Plaintiff filed a response opposing the Motion.[14] On May 24, 2023, Defendants filed a Reply.[15] On May 31, 2023, Plaintiff filed a Sur-Reply.[16]

## II. LEGAL STANDARD

Defendants filed the Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) requires dismissal where a plaintiff fails to meet his burden of establishing subject matter jurisdiction, meaning that the court lacks the power to hear the case.[17] "A Rule 12(b)(1) jurisdictional attack may be facial or factual."[18] In a facial attack, "the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."[19] In a factual attack, the challenger "attack[s] the

---

[11] *Id.* at 1–6.
[12] *Id.* at 4–5, ¶ 13.
[13] Docket 25.
[14] Docket 27.
[15] Docket 28.
[16] Docket 29.
[17] *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment*, 558 U.S. 67, 81 (2009).
[18] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
[19] *Safe Air for Everyone*, 373 F.3d at 1039.

*Byler v. Woods, et al.*　　　　　　　　　　　　　　　　　　　　　Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss　　　　　　　　　　　　　　　　　Page 3
Case 3:22-cv-00208-RRB　　Document 34　　Filed 08/04/23　　Page 3 of 13

substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rel[ies] on affidavits or any other evidence properly before the court."[20] When resolving a factual attack on jurisdiction, a court may "review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations."[21]

Rule 12(b)(6) requires dismissal for failure to state a claim based solely upon the statements made in the pleadings.[22] To avoid dismissal, a complaint must (1) set forth "a short and plain statement of the claim showing that the pleader is entitled to relief";[23] and (2) "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] In ruling on a Rule 12(b)(6) motion, the court must "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party."[26] However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[27]

---

[20] *St. Clair*, 880 F.2d at 201.
[21] *Safe Air for Everyone*, 373 F.3d at 1039.
[22] *See* Fed. R. Civ. P. 12(b)(6), (d).
[23] Fed. R. Civ. P. 8(a)(1).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[25] *Id.*
[26] *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (quoting *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000)).
[27] *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

In the First Amended Complaint, Plaintiff alleges that the Federal Agents: (1) improperly collected evidence before and after his arrest on federal charges; (2) recorded a private conversation between him and his doctor following his arrest, and denied him use of ear protection while transporting him to his arraignment, which resulted in "permanent hearing loss"; (3) lied or made false statements in connection with his criminal case; (4) fraudulently "spoliated" or "tampered with" evidence in his criminal case; and (5) fraudulently "conspired with City of Kodiak [o]fficials to illegally sink his . . . vessel[,] the Wild Alaskan."[28] The Court construes these allegations as asserting (1) a constitutional claim under *Bivens v. Six Unknown Narcotics Agents*;[29] (2) personal injury, negligence, and conspiracy claims under the Federal Tort Claims Act ("FTCA");[30] and (3) a claim under the Health Insurance Portability and Accountability Act ("HIPAA").[31]

Defendants argue that dismissing Plaintiff's claims is appropriate for three reasons. First, Defendants contend that Plaintiff's *Bivens* and FTCA claims are barred under *Heck*

---

[28] Docket 4-1 at 2–6.
[29] 403 U.S. 388 (1971). In *Bivens*, the Supreme Court "recognized . . . an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 482 U.S. 548, 553 (2017)).
[30] 28 U.S.C. §§ 1346, 1402, 2401, 2671–80. Generally, the United States is immune from liability unless sovereign immunity has been clearly waived. The Federal Tort Claims Act ("FTCA") waives this sovereign immunity for claims seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Beetus v. United States*, 527 F. Supp. 3d 1075, 1079 (D. Alaska 2021) (citing *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Brownback v. King*, 141 S. Ct. 740, 749 n.8 (2021)).
[31] 42 U.S.C. § 1320d-6. The Court addresses all of Plaintiff's claims in more detail below.

*Byler v. Woods, et al.*                                                  Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss                                   Page 5
Case 3:22-cv-00208-RRB    Document 34    Filed 08/04/23    Page 5 of 13

*v. Humphrey*, and that even if they were not, they would be time-barred.[32]  Second, Defendants argue that Plaintiff's claim asserted under HIPAA fails because HIPAA does not provide a private cause of action.[33]  And, third, Defendants argue that Plaintiff's conspiracy claim fails because he has not exhausted his administrative remedies and because the claim is only supported by conclusory allegations.[34]  The Court addresses each argument in turn.

### A. Plaintiff's Bivens Claims, Personal Injury Claims, and Negligence Claims Are Barred Under *Heck*

Plaintiff brings a *Bivens* claim, alleging that Agent Woods, Agent Jans, and Lieutenant Lovette violated his Fourth Amendment right against unreasonable search and seizure when they obtained evidence used against Plaintiff in his 2015 trial.[35]  Plaintiff also brings a FTCA claim for personal injury resulting from his transport to his arraignment in 2015 and negligence based on the Federal Agents' conduct during his 2014 criminal investigation and the subsequent trial in 2015.[36]  Defendants argue that each of these claims is barred by the Supreme Court's decision in *Heck v. Humphrey*, and, in the alternative,

---

[32] Docket 25 at 8–14.
[33] *Id.* at 14.
[34] *Id.* at 15–16.
[35] *See* Docket 4-1 at 1–4, ¶¶ 1–2.
[36] *See Draper v. Rosario*, 836 F.3d 1072, 1080 ("[P]ro se pleadings must be construed liberally[.]").  Specifically, Plaintiff alleges—among other things—that the Federal Agents inappropriately collected evidence against him, made false statements to the grand jury and later at his trial, and "spoliated" and "tamper[ed] with" evidence.  *See* Docket 4-1 at 2–3, ¶¶ 2–10.

*Byler v. Woods, et al.*  Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss  Page 6
Case 3:22-cv-00208-RRB   Document 34   Filed 08/04/23   Page 6 of 13

that the claims are time-barred.[37] Plaintiff responds that *Heck* does not apply because he is no longer in custody, and that his claims are not time-barred.[38]

The Court finds that each of these claims is barred by *Heck*. In *Heck*, the Supreme Court held that a civil rights complaint brought against state actors under 42 U.S.C. § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[39] In other words, a plaintiff seeking damages for the "very fact or duration of his confinement" has no claim under § 1983 "unless and until the [plaintiff] obtains favorable termination of a state, or federal habeas corpus, challenge to his conviction or sentence."[40] This rule also applies to *Bivens* and FTCA claims against federal actors.[41] Although there is a narrow exception to the *Heck* doctrine for civil rights plaintiffs who have been released from custody, that exception does not apply where—as here—the plaintiff's claims challenge the underlying conviction.[42]

---

[37] Docket 25 at 8–10.
[38] Docket 27 at 2.
[39] 512 U.S. 477, 487 (1994).
[40] *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (providing that a plaintiff may properly bring an action for damages if he alleges an "actual, compensable injury . . . which . . . does *not* encompass the 'injury' of being convicted and imprisoned" (quoting *Heck*, 512 U.S. at 487 n.7)).
[41] *Martin v. Sias*, 88 F.3d 477, 487 (9th Cir. 1996) ("[T]he rationale of *Heck* applies to *Bivens* actions."); *Erlin v. United States*, 364 F.3d 1127, 1131 (9th Cir. 2004) ("Here, the [FTCA] supplies the statutory basis for the suit. This distinction also makes no difference, under the *ratio decidendi* of *Heck*.").
[42] *See Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (explaining that, pursuant to *Nonnette v. Small*, 316 F.3d 872 (9th Cir. 2002), there is an exception to *Heck* that "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters"); *see also Heck*, 512 U.S. at 490 n.10 ("[T]he principle barring collateral attacks—a longstanding

*Byler v. Woods, et al.*     Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss     Page 7
Case 3:22-cv-00208-RRB    Document 34    Filed 08/04/23    Page 7 of 13

Therefore, under *Heck*, Plaintiff may not seek damages resulting from the injury of his conviction unless his conviction or sentence has been invalidated. Because Plaintiff has not shown such a finding in his favor or asserted an injury other than his conviction,[43] his *Bivens* and FTCA claims are barred.[44]

Even if Plaintiff's *Bivens* claims were not barred by *Heck*, they would be barred by Alaska's two-year statute of limitations for personal injury claims.[45] Alaska Statute § 09.10.070 provides that a plaintiff may only bring personal injury claims "within two years of the accrual of the cause of action." A cause of action for a claim based on a Fourth Amendment violation accrues at the time of the allegedly unlawful arrest, search, or seizure.[46] As the conduct underlying Plaintiff's *Bivens* claims occurred in 2014 and 2015, the limitation periods for these claims began running during that time period. Because Plaintiff brought this action in 2022—well after two years—these claims would time-

---

and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.").

[43] Plaintiff concedes that he has exhausted his avenues to appeal his criminal conviction, without success. *See* Docket 27 at 7.

[44] *Heck*, 512 U.S. at 490 n.10 ("[T]he principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.").

[45] *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (analogizing § 1983 and *Bivens* claims and holding that the applicable state tort statute of limitations applies to *Bivens* claims); *see also Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989), *cert. denied*, 498 U.S. 1082 (1991) (holding that section 1983 actions are characterized as personal injury actions for statute of limitations purposes); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions . . . .").

[46] *See Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) ("[W]here false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs.").

*Byler v. Woods, et al.*  Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss  Page 8
Case 3:22-cv-00208-RRB   Document 34   Filed 08/04/23   Page 8 of 13

barred even if they had accrued under *Bivens*. Plaintiff cites *Makin v. Pfizer, Inc.*,[47] a products liability case where the court affirmed the finding that Alaska law barred the plaintiff from bringing his tort claims, but this case does not affect the Court's determination on this issue.

If Plaintiff's FTCA claims were not barred by *Heck*, however, they would not necessarily be barred by the FTCA's statute of limitations. That statute of limitations requires a claimant to both present an administrative claim within two years of accrual of the cause of action and file a complaint in federal court within six months of the agency's denial of that administrative claim.[48] "An FTCA claim 'accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause.'"[49] Although Defendants insist that Plaintiff's FTCA claims accrued over two years ago, a liberal reading of the First Amended Complaint indicates that Plaintiff has alleged facts that support a reasonable inference that at least some of these claims could be timely if they were not barred by *Heck*.[50]

Accordingly, Plaintiff's *Bivens* and FTCA claims are DISMISSED. Dismissal of Plaintiff's *Bivens* claims is with prejudice because those claims would be time-barred under

---

[47] 144 Fed. App'x 648 (9th Cir. 2005).
[48] 28 U.S.C. § 2401(b).
[49] *Bartleson v. United States*, 96 F.3d 1270, 1277 (9th Cir. 1996) (quoting *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir. 1988)).
[50] *See, e.g.*, Docket 4-1 at 2, ¶ 4 (citing evidence pertaining to Agent Woods' alleged lying that was "verified" in a 2021 evidentiary hearing); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

*Byler v. Woods, et al.*                                        Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss                           Page 9
Case 3:22-cv-00208-RRB   Document 34   Filed 08/04/23   Page 9 of 13

Alaska law even if they had accrued under *Heck*. In contrast, since Plaintiff's FTCA claims might not otherwise be barred, dismissal of these claims is without prejudice.[51]

B. **Plaintiff Fails to State a Claim Under HIPAA**

Plaintiff alleges that after law enforcement "roughed [him] up" during his 2015 arrest, he was taken to the hospital, where he talked to a doctor about his health.[52] Plaintiff alleges that Agent Woods "recorded [that] private conversation" and appears to assert a HIPAA claim based on this conduct.[53] To the extent that Plaintiff is bringing a claim under HIPAA, the Court lacks jurisdiction to entertain it because HIPAA does not provide a private right of action to enforce any violations of the statute.[54] Because the alleged conduct took place in 2015, any amendment of the First Amended Complaint to assert a claim under the FTCA would be time-barred. Plaintiff's HIPAA claim is therefore DISMISSED with prejudice.[55]

---

[51] The FTCA's statute of limitations requires a claimant both to present an administrative claim within two years of accrual of the cause of action and to file a complaint in federal court within six months of an agency denial of that administrative claim. 28 U.S.C. § 2401(b). "An FTCA claim 'accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause.'" *Bartleson v. United States*, 96 F.3d 1270, 1277 (9th Cir. 1996) (quoting *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir. 1988)). Although Defendants argue that Plaintiff's FTCA claims accrued over two years ago, Plaintiff has alleged facts that support a reasonable inference that at least some of these claims may be timely. *See, e.g.*, Docket 4-1 at 2, ¶ 4 (citing evidence pertaining to Agent Woods' alleged lying that was "verified" in a 2021 evidentiary hearing); *see also Erickson*, 551 U.S. at 94 (2007).

[52] Docket 4-1 at 4, ¶ 11; *see also id.* at 6.

[53] *Id.*

[54] *See Webb v. Smart Doc. Sols., LLC*, 499 F.3d 1078, 1081, 1083 (9th Cir. 2007) ("HIPAA itself provides no private right of action. . . . [W]here there is no federal private right of action, federal courts may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331.").

[55] *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir. 1990) (dismissing complaint without leave to amend is proper where further amendment would be futile).

*Byler v. Woods, et al.*     Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss     Page 10
Case 3:22-cv-00208-RRB    Document 34    Filed 08/04/23    Page 10 of 13

## C. Plaintiff Fails to State a Conspiracy Claim

Plaintiff alleges that in July 2021, unidentified USCG agents "conspired with City of Kodiak [o]fficials" to sink the Wild Alaskan.[56] Plaintiff contends that he "ha[s] evidence . . . which clearly proves fraud was committed by falsely claiming there were no other 'alternatives' but to sink [his] vessel . . . ."[57] Defendants argue that Plaintiff has not exhausted his administrative remedies with respect to this claim, and thus the Court lacks subject matter jurisdiction to entertain it.[58] Defendants argue that this cause of action fails for an additional reason: Plaintiff has not pled sufficient facts to state a cognizable claim against the USCG or any of its agents.[59]

Defendants have made an initial showing that Plaintiff has not yet exhausted his administrative remedies for his conspiracy claim. The FTCA requires that tort claimants exhaust their administrative remedies with the federal agency responsible for the alleged injury before suing the United States.[60] To fulfill this requirement, claimants must (1) properly present their injury claim to the federal agency whose employee(s) caused the injury, and (2) receive a final denial of the claim from the agency.[61] Defendants attached a copy of Plaintiff's administrative claim as an exhibit to the Motion.[62] Plaintiff's administrative claim consists of a completed form document with an attachment containing

---

[56] Docket 4-1 at 4–5, ¶ 13.
[57] *Id.*
[58] Docket 25 at 15–16
[59] *Id.* at 15.
[60] *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) (citations omitted); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974).
[61] 28 U.S.C. § 2675(a).
[62] Docket 25-2 (Claim for Damage, Injury, or Death).

further "details of [his] claim." However, neither the form document nor the attachment raises the issue of a potential conspiracy to commit fraud or another tort in connection to the Wild Alaskan's sinking. This evidence, which Plaintiff does not rebut, is sufficient to demonstrate that Plaintiff has not exhausted his administrative remedies with respect to his conspiracy claim in particular. The Court therefore lacks subject matter jurisdiction to allow this claim to proceed.[63]

Even if the Court had jurisdiction, dismissal still would be proper because allegations of fraud form the basis of Plaintiff's conspiracy claim. Under the FTCA, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred[.]"[64] Furthermore, even if Plaintiff intended to allege a different tort, the First Amended Complaint does not contain sufficient facts to state a claim. At this point, Plaintiff alleges only that an unidentified source "falsely claim[ed] there were no other 'alternatives' but to sink" the Wild Alaskan.[65] These allegations are insufficient to state a tort claim against the USCG or its agents.[66]

Plaintiff's conspiracy claim is therefore DISMISSED without prejudice.

---

[63] *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) ("Th[e] [FTCA's] administrative claim prerequisite is jurisdictional.").
[64] *Esquivel v. United States*, 21 F.4th 565, 577 (9th Cir. 2021) (quoting *Kim v. United States*, 940 F.3d 484, 492 (9th Cir. 2019)); *see also* 28 U.S.C. § 2680(h) (providing exception to FTCA's waiver of sovereign immunity for "[a]ny claim arising out of misrepresentation [or] deceit").
[65] Docket 4-1 at 4–5, ¶ 13.
[66] *See Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for a claim to survive a motion to dismiss).

*Byler v. Woods, et al.*  Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss  Page 12
Case 3:22-cv-00208-RRB   Document 34   Filed 08/04/23   Page 12 of 13

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the First Amended Complaint at Docket 25 is **GRANTED**.

IT IS SO ORDERED this 4th day of August, 2023, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*Byler v. Woods, et al.* Case No. 3:22-cv-00208-RRB
Order Granting Motion to Dismiss Page 13
Case 3:22-cv-00208-RRB   Document 34   Filed 08/04/23   Page 13 of 13